IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

JOSEPH GARRETT BUCKLAND

Criminal No. 2:26-cr-040

## INFORMATION MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, United States Attorney for the Western District of Pennsylvania, and Nicole Vasquez Schmitt, Assistant United States Attorney for said District, and submits this Information Memorandum to the Court:

## I.  THE INFORMATION

A one-count Information was filed against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Conspiracy to Commit Offense Against the United States<br>June 2023 to February 2025 | 18 U.S.C. § 371 |

## II.  ELEMENTS OF THE OFFENSE

**As to Count 1:**

In order for the crime of Conspiracy to Commit Offense Against the United States, in violation of 18 U.S.C. § 371, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.      That two or more persons agreed to commit an offense against the United States, as charged in the Information;

2.      That the defendant was a party to or member of that agreement;

3.      That the defendant joined the agreement or conspiracy knowing of its objective to commit an offense against the United States and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective, to commit an offense against the United States; and

4.      That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

## III.  PENALTIES

**As to Count 1: Conspiracy to Commit Offense Against the United States (18 U.S.C. § 371):**

1.      A term of imprisonment of not more than 5 years;

2.      A fine of not more than $250,000; and

3.      A term of supervised release of not more than 3 years.

## IV.  MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V.  RESTITUTION

Not applicable in this case.

## VI.  **FORFEITURE**

Not applicable in this case.

Respectfully submitted,

TROY RIVETTI
United States Attorney

*s/Nicole Vasquez Schmitt*
NICOLE VASQUEZ SCHMITT
Assistant U.S. Attorney
PA ID No. 320316